DUNCAN *v.* COOK.

4-7333　　　　　　　　　　　　　　179 S. W. 2d 700

Opinion delivered May 1, 1944.

*Joe N. Wills,* for appellant.

*Donald S. Martz* and *Sam W. Wassell,* for appellee.

GRIFFIN SMITH, Chief Justice. The question is whether priority rules promulgated by War Production Board prohibited Vernon H. Duncan from supplying ten thousand feet of pine lumber and fifteen hundred feet of sycamore flooring to R. A. Cook.

June 29, 1942, Cook's timber deed covering 305 acres was delivered to Duncan. Time limit for cutting and removing was one year. Concurrently Duncan agreed, in writing, to furnish the pine lumber not later than October 15, 1942, and the sycamore on or before December 1 of the same year.

August 21, 1942, War Production Board issued its order restricting sale of pine lumber. Assuming that compliance with his contract with Cook would subject him to penalties provided by Congress, Duncan declined to perform.[1]

June 30, 1943—one day after Duncan's right to remove timber from the acreage had expired—Cook procured an injunction, terminating Duncan's activities on the property. In a cross complaint the defendant alleged damages.

We think the Chancellor correctly held that relationship of the parties in their joint dealings with land and timber was such as to exclude the pine from the government's prohibition. While Cook's deed conveyed title, Duncan's contemporaneous agreement that the designated finished product should be cut from the timber so conveyed, and delivered in the converted form as a part of the purchase price, was (as between the parties) a pledge that the subject matter would be subjected to the use in view.

A reasonable construction is that fulfillment of the contract would not have been a sale within the meaning of War Production Board's regulation; hence, Duncan was not excused in his failure.

Affirmed.

---

[1] Restrictions did not apply to sycamore.